UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES M. BLACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>　　　　　Defendant. | CASE NO. 3:16-cv-05058-RSM-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 23, 2016 |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976). For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff applied for disability insurance benefits alleging he became disabled beginning December 31, 2010. Dkt. 9, Administrative Record ("AR"), 17. His application was denied on initial administrative review and on reconsideration. AR 17. At a hearing held before an Administrative Law Judge ("ALJ"), plaintiff appeared and testified, as did a vocational expert. AR 17. In a written decision, the ALJ determined that plaintiff could perform his past relevant work as well as other jobs existing in significant numbers in the national economy, and therefore that he was not disabled. AR 17-30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on November 19, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981. On January 28, 2016, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on April 1, 2016. *See* Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues the ALJ's decision should be reversed and remanded for further administrative proceedings because (1) the ALJ erred in formulating plaintiff's residual functional capacity, and (2) the ALJ failed to fully develop the record. For the reasons set forth below, the Court agrees the ALJ erred in formulating the residual functional capacity, and therefore in determining plaintiff to be not disabled. Also, for the reasons set forth below, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a

whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193. The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193.

Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I.       The ALJ's Evaluation of Plaintiff's RFC

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity assessment is used at step four to determine whether he or she can do his or her past relevant

1  work, and at step five to determine whether he or she can do other work. *Id.* It thus is what the

2  claimant "can still do despite his or her limitations." *Id.* A claimant's residual functional capacity

3  is the maximum amount of work the claimant is able to perform based on all of the relevant

4  evidence in the record. *Id.* However, a claimant's inability to work must result from his or her

5  "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and

6  restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's

7  residual functional capacity, the ALJ also is required to discuss why the claimant's "symptom-

8  related functional limitations and restrictions can or cannot reasonably be accepted as consistent

9  with the medical or other evidence." *Id.* at *7.

10        Here, at step two, the ALJ determined that plaintiff has the severe impairments of alcohol

11  abuse, post-traumatic stress disorder ("PTSD"), attention deficit hyperactivity disorder

12  ("ADHD"), anxiety, and depression. AR 19. He also concluded that plaintiff is "moderately

13  limited in his ability to maintain social functioning" and has moderate difficulties with regard to

14  concentration, persistence or pace. AR 21-22. The ALJ found that plaintiff has no severe

15  physical impairments. *See* AR 21-22. Based on plaintiff's severe mental impairments, the ALJ

16  determined that plaintiff has the residual functional capacity "to perform a full range of work at

17  all exertional levels" with nonexertional limitations of unskilled work. AR 23. The ALJ also

18  concluded that plaintiff "cannot do any job as part of a team" and can only "have incidental

19  public contact." AR 23.

20        Plaintiff argues the ALJ failed to use "vocational terms" and evaluate his limitations with

21  a function-by-function analysis in formulating his residual functional capacity. *See* Dkt. 13, pp.

22  3-6. In other words, plaintiff argues that the ALJ erred in formulating his residual functional

23  capacity because he failed to address those mental limitations he found severe and instead simply

24  stated plaintiff was limited to unskilled work, which is an insufficient substitute for determining

a claimant's mental residual functional capacity. *See id.* The undersigned agrees.

In formulating plaintiff's residual functional capacity, the ALJ weighed plaintiff's credibility and allegations of disabling limitations. *See* AR 23-28. However, the ALJ did not discuss the limitations he found severe, including that plaintiff is "moderately limited in his ability to maintain social functioning" and has moderate difficulties with regard to concentration, persistence or pace, nor did he discuss whether or not these limitations were incorporated into plaintiff's residual functional capacity. *See* AR 21-22 (listing plaintiff's severe impairments and limitations), 23-28 (formulating plaintiff's residual functional capacity). As noted above, the residual functional capacity is the most a claimant can do considering his or her limitations or restrictions. *See* SSR 96–8p. Thus, at step four, the ALJ must identify plaintiff's functional limitations or restrictions, and assess his work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; SSR 96–8p, at *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts … and nonmedical evidence …"). Thus, the ALJ erred here by failing to include any discussion of plaintiff's moderate limitations in social functioning and concentration, persistence and pace when formulating the residual functional capacity.

      Defendant argues that the residual functional capacity includes a limitation that plaintiff "could not perform work as part of a team" and "could have incidental public contact." *See* Dkt. 14, p. 8. Thus, defendant argues that there was no error in the residual functional capacity or hypothetical posed to the vocational expert. *See id.* The Court agrees that Social Security Rulings define "unskilled work" as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Thus, a finding that plaintiff was limited to "unskilled work" involving simple tasks *could* be compatible with a

moderate limitations in the ability to maintain attention, concentration, persistence, and pace. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (holding that a claimant with "a marked limitation in her ability to maintain concentration over extended periods" would be capable of performing unskilled jobs involving simple tasks); *Stubbs–Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ's finding that claimant was restricted to "simple tasks" did not constitute a rejection of physician's opinion that claimant was moderately limited in the ability to maintain a consistent pace). Nevertheless, the ALJ did not explain why he limited plaintiff to unskilled work, nor did he limit plaintiff to simple tasks. Furthermore, the ALJ did not explain why he was limiting plaintiff to jobs that require incidental public contact and no teamwork, nor did he explain whether these limitations in the residual functional capacity account for plaintiff's severe impairments and resulting limitations. *See* AR 23-28. Without an adequate explanation, the Court cannot determine if the ALJ properly considered plaintiff's mental impairments and resulting limitations when he formulated the residual functional capacity. *See, e.g., Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Moreover, the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001). Thus, the ALJ erred by failing to discuss whether he incorporated plaintiff's mental impairments and resulting functional limitations when formulating the residual functional capacity.

## II. This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002). Because issues still remain in regard to plaintiff's residual functional capacity, remand for further consideration of this issue is warranted, as well as if plaintiff can perform past relevant work or other work existing in the national economy.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,

1  474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk
2  is directed set this matter for consideration on September 23, 2016, as noted in the caption.
3  　　　　DATED this 2nd day of September, 2016.

　　　　　　　　　　　　　　　　　　　　*signature*
　　　　　　　　　　　　　　　　　　　　Karen L. Strombom
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge